**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Glover, on behalf of herself and all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Carvana, LLC, an Arizona limited liability company,<br><br>    Defendant. | Case No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Julie Glover ("Plaintiff"), individually and on behalf of all others similarly situated, for her Complaint against Defendant Carvana, LLC ("Carvana" or "Defendant") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff, on behalf of herself and all those similarly situated, brings this action against Carvana for its failure to pay her all wages due, including regular time and overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Arizona wage law, A.R.S. § 23-350 *et seq.* ("Arizona Wage Statute").

2. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, and damages owed to Plaintiff and all others similarly situated. For collective action purposes, the proposed class consists of:

> **All current and former Verification Advocates who were employed by Carvana within the last three years prior to the filing of this Complaint.**

3. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid wages and statutory damages resulting from Carvana's violations of the Arizona Wage Statute. For class action purposes, the proposed Class consists of:

> **All current and former Verification Advocates employed by Carvana in Arizona from September 29, 2019 to the present.**

4. For at least three (3) years prior to the filing of this action (the "Liability Period"), Carvana had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Verification Advocates, including Plaintiff, to work more than forty (40) hours per week, without paying them proper overtime compensation and wages due as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees, and litigation costs on behalf of herself and all similarly situated current and former Verification Advocates. Plaintiff and all similarly situated current and former Verification Advocates who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

5. Plaintiff intends to request the Court authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

6. Plaintiff intends to request the Court certify the State law claim as a class action under Fed. R. Civ. P. 23, for the purposes of seeking unpaid wages and statutory damages under Arizona law.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Carvana in this District.

## III. PARTIES

10. At all times relevant to the matters alleged herein, Plaintiff Julie Glover resided in the State of Arizona in Maricopa County.

11. Plaintiff was a full-time, non-exempt employee of Carvana employed as a Verification Advocate in Arizona from January 25, 2021 until August 9, 2022.

12. As a Verification Advocate for Carvana, Plaintiff was initially paid an hourly wage of $18.00 per hour and her hourly wage increased to $21.50 per hour by the conclusion of her employment. During her entire employment at Carvana, she was always paid an hourly wage and her pay was dependent on the number of hours she worked.

13. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A is the Consent to be Named Plaintiff and Opt In to Lawsuit signed by the above-named Representative Plaintiff, Julie Glover, opting her in to this lawsuit.

14. Defendant Carvana, LLC is a domestic limited liability company at all relevant times conducting business in Maricopa County, Arizona.

15. Carvana has employees that handle, sell, or otherwise work on goods or materials that have moved in or are produced for commerce, such as computer equipment and software.

16. At all relevant times, Carvana had a gross volume of sales made or business done that exceeded $500,000 per year.

17. Carvana's registered agent for service of process is Corporation Service Company at 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

18. Carvana exercises authority to control the day-to-day operations of the business where Plaintiff and the Verification Advocates work, including matters related to setting and paying compensation to the Verification Advocates, such that it is liable to Plaintiff and the Verification Advocates as an employer.

19. Plaintiff and the other similarly situated Verification Advocates are employees as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), and are non-exempt employees under 29 U.S.C. § 213(a)(1).

20. At all relevant times, Carvana was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350(3).

### IV.  FACTUAL BACKGROUND

21. Carvana is a national business that provides online car-buying for customers throughout the United States.

22. Carvana employs hundreds of Verification Advocates in Arizona primarily to provide telephonic customer service to Carvana's customers about the vehicle purchase and underwriting process.

23. Plaintiff was employed by Carvana in Arizona as a Verification Advocate from January 25, 2021 until August 9, 2022.

24. Plaintiff and the Verification Advocates were paid an hourly rate by Carvana.

25. Plaintiff's hourly rate started at $18.00 per hour and increased to $21.50 per hour by the conclusion of her employment.

26. As a Verification Advocate, Plaintiff handled customer calls related to underwriting and other questions regarding purchasing a vehicle from Carvana. Verification Advocates interact with customers on the phone, assistant with compliance with underwriting policies and the "constant changes in policies and procedures" specifically identified as an important aspect of the job in Carvana's job listing for the position. The Verification Advocates help customers select vehicles, explain financial terms, guide customers through the verification process, resolve account issues, review underwriting requirements with customers, and collaborate with other Carvana departments to assist customers with titles/registration and financial operations.

27. Given the ever-changing requirements associated with underwriting, Verification Advocates like Plaintiff were expected to review materials from Carvana regarding the latest underwriting regulations and policies, to ensure they are providing customers the up-to-date information needed to assist with their vehicle purchase and underwriting immediately when they speak with the customers.

28. As a result of the requirement to be ready to work immediately when their shifts start because inbound customer calls begin when their shift is scheduled to start, Verification Advocates like Plaintiff are required to perform work off the clock before they are clocked in at the start of their shifts.

29. During a typical week, Plaintiff was schedule to and did work from 11 am to 7:30 pm on Tuesday, Wednesday, Thursday, Friday, and Sunday with an unpaid half hour lunch every day.

30. Plaintiff's pay stubs do not reflect the amount of time she actually worked, resulting in unpaid overtime and regular time because Carvana required her to work off the clock on a daily basis to complete her job duties.

31. To carry out, effectuate, and complete her assigned work tasks, Plaintiff and Defendants' other Verification Advocates are required to use multiple computer programs, software programs, servers, and applications, while performing their job duties. They are

1  also required to review numerous materials related to the substance of the underwriting calls they take throughout the day. These responsibilities are an integral part of their work as Verification Advocates because they cannot perform their jobs without them.

32. As a result, prior to the start of every shift during her typical week of employment, Plaintiff had to work from 30 to 40 minutes off the clock to be prepared to take inbound customer calls immediately when the start of her shift was scheduled to begin.

33. During that 30 to 40 minutes Plaintiff was required to work off the clock prior to a typical shift, Plaintiff had to review the Alvaria scheduling system to know what timeline she was required to follow to complete her job duties for that day and read Slack messages and email with updates about underwriting requirements and profit changes that she had to communicate to customers.

34. Management provided Verification Advocates like Plaintiff with updates regarding the underwriting requirements to be communicated to customers and process changes that frequently occurred in how they were expected to perform their job.

35. Verification Associates like Plaintiff were expected to be prepared to take inbound calls from customers immediately when the start of their shift began, requiring them to review their schedules and update materials before they were clocked in so they could be ready to work when the calls started.

36. Plaintiff was routinely required to work off the clock, although her pay statements fail to account for all the hours she worked off the clock in additional to her scheduled time.

37. Carvana failed to pay Plaintiff and the other Verification Advocates for off-the-clock work performed prior to the beginning of their scheduled shifts.

38. Carvana failed to properly pay Plaintiff and the Verification Advocates all the overtime wages they are due, despite recognizing that the Verification Advocates are entitled to overtime and paying them for some but not all of the overtime they were required to work.

39. For example, on a typical day, Plaintiff was required to work between 30 and 40 minutes off the clock starting Carvana's systems, reviewing her schedule for the day, and analyzing updates related to underwriting procedures and policies.

40. Plaintiff complained to her manager about having to work when she was not clocked in, and her manager responded that she was expected to review the information and be prepared at the start of her shift or risk being placed on a performance improvement plan.

41. As a result of these job duties required to be completed off the clock, Plaintiff and the Verification Advocates typically worked two and a half to three hours off the clock during they typical week. This resulted in unpaid overtime when these hours worked off the clock are added to the regular forty hours that Plaintiff and the Verification Advocates were required to work each week.

42. For example, for the pay period beginning on April 19, 2021 and ending on May 2, 2021, Plaintiff was paid $18 per hour for 80 hours and $27 per hour for 6.35 hours of overtime. However, the overtime Plaintiff was paid for constituted voluntary overtime, and it did not include any of the hours Plaintiff was required to work off the clock before her shift to prepare to take calls. During the typical week, Plaintiff worked between two and a half to three hours off the clock, meaning that she was due that additional time for hours that she worked. Plaintiff's pay statement indicates that she worked the full 40 hours per week during this two week pay period, meaning that the approximate six hours she worked off the clock over the course of this two week period should have been paid as overtime. However, Plaintiff was not paid for that time resulting in unpaid overtime in violation of the FLSA.

43. This example is indicative of how the off the clock work resulted in unpaid overtime during the typical week throughout Plaintiff's employment at Carvana.

44. In addition, in weeks when Plaintiff and the Verification Advocates worked under forty hours, they would be due regular wages for time worked off the clock.

45. For example, during the pay period of October 18, 2021 to November 5, 2021, Plaintiff used personal time off for 32 hours. As a result, she worked less than her typical 40 hours per week. When she was working, she was still required to complete the approximately thirty to forty minutes of off the clock work per day prior to the start of her shift. This resulted in unpaid regular time up to forty hours per week during this pay period, since Plaintiff did not work her usual forty hour schedule.

46. This example is indicative of how off the clock work resulted in unpaid regular wages during Plaintiff's employment at Carvana.

47. Carvana's failure to pay wages resulted in part because it failed to maintain accurate records of its Verification Advocates' time and payroll in violation of the FLSA, including records sufficient to accurately determine the wages and hours of employment for Plaintiff and the similarly situated Verification Advocates.

48. Carvana's failure to maintain accurate payroll records resulted in Plaintiff and the similarly situated Verification Advocates not receiving wages for time that they worked.

49. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular schedule as a Verification Advocate, including many hours for which she was required to work off the clock.

50. Despite having worked numerous hours of overtime, Plaintiff was not paid proper overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over forty in a work week.

51. Carvana also failed to timely pay Plaintiff all the wages that she was due in violation of the Arizona Wage Statute, including overtime and regular time for hours worked off the clock.

52. Plaintiff's duties, hours and compensation are indicative of the similarly situated Verification Advocates.

53. Plaintiff recalls team meetings with other Verification Advocates and management, during which management told them that they had to review and become

knowledgeable about the underwriting updates on their own time when they were not clocked in.

54. Carvana's improper policies and compensation practices applied to Plaintiff and all similarly situated Verification Advocates she intends to represent.

55. All the Verification Advocates are uniformly subject to the same unlawful compensation practices that Plaintiff was subject to during her employment at Carvana.

## V.  COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff brings her claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of herself and others similarly situated, properly defined in paragraph 2 above.

57. Carvana's illegal overtime wage practices were widespread with respect to the proposed Collective. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

58. Carvana's overtime wage practices were routine and consistent. Throughout the Liability Period, Verification Advocates regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

59. Other Verification Advocates performed the same or similar job duties as Plaintiff. Moreover, these Verification Advocates regularly worked more than forty hours in a workweek. Accordingly, the Verification Advocates victimized by Carvana's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

60. Carvana's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Carvana.

61. All Verification Advocates, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in

excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. CLASS ACTION ALLEGATIONS

62. The state law claim under the Arizona Wage Statute is brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The Class is defined in paragraph 3 above.

63. Throughout the relevant time period, Carvana has employed hundreds of Verification Advocates in Arizona. The Class is therefore so numerous that joinder of all members is impracticable. Members of the Class can readily be identified from business records maintained by Carvana.

64. Proof of Carvana's liability under the Arizona Wage Statute involves factual and legal questions common to the Class. Whether Defendants paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class members, including whether they were paid all the regular and overtime wages they had earned.

65. Like Plaintiff, all Class members worked without being paid statutorily required wages. Plaintiff's claim is therefore typical of the claims of the Class.

66. Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class members are therefore fairly and adequately protected.

67. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

68. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

69. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members. Although the amount of damages may differ by individual, the damages are objectively ascertainable and can be straightforwardly calculated.

## VII. COUNT ONE

**(Failure to Properly Pay Overtime Wages and Record Keeping Violations – FLSA – 29 U.S.C. § *207 et seq.*)**

70. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

71. Plaintiff and the Verification Advocates were non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

72. Carvana was an employer pursuant to 29 U.S.C. § 203(d).

73. Carvana failed to comply with 29 U.S.C. § 207 because Plaintiff and the Verification Advocates worked for Carvana in excess of forty hours per week, but Carvana failed to pay Plaintiff and the Verification Advocates for overtime hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

74. Carvana's failure to pay overtime to Plaintiff and the Verification Advocates was willful. Carvana knew Plaintiff and the Verification Advocates were working overtime but failed to properly pay overtime wages. Carvana had no reason to believe its failure to pay overtime was not a violation of the FLSA.

75. At all relevant times, Carvana willfully, regularly, and repeatedly failed, and continues to fail to make, keep, and preserve accurate time records required by the FLSA with respect to Plaintiff and the other similarly situated Verification Advocates, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff and the Verification Advocates.

76. Plaintiff and the Verification Advocates are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs.

## VIII.  COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute –**

**A.R.S. § 23-350 *et seq.*)**

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. Carvana was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

79. Carvana was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff and the Verification Advocates.

80. Carvana failed to timely pay Plaintiff and the Verification Advocates wages they were due without a good faith basis for withholding the wages.

81. Carvana has willfully failed and refused to timely pay wages due to Plaintiff and the Verification Advocates.

82. As a result of Carvana's unlawful acts, Plaintiff and the Verification Advocates are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX.  REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order Carvana to provide to Plaintiff's counsel a list of the names, cell phone numbers, email addresses, and addresses of all current and former Verification Advocates who worked in Arizona for the past three years;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Verification Advocates who worked in Arizona in the past three years immediately preceding this Complaint, informing them that this action

has been filed and the nature of the action, and of their right to opt-in to this lawsuit pursuant to the FLSA;

    C.    For the Court to certify the State law claim as a class action under Fed. R. Civ. P. 23;

    D.    For the Court to declare and find that Carvana committed one or more of the following acts:

        i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt-in to this action;

        ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

        iii.    willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

    E.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

    F.    For the Court to award interest on all compensation due accruing from the date such amounts were due;

    G.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

    H.    For the Court to award restitution;

    I.    For the Court to award Plaintiff's reasonable attorneys' fees and costs;

    J.    For the Court to award pre- and post-judgment interest;

    K.    For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

    L.    For such other relief as the Court deems just and proper.

## X.  DEMAND FOR JURY TRIAL

83.    Plaintiff, on behalf of herself and all others similarly situated, hereby demands trial of her claims by a jury to the extent authorized by law.

DATED: September 29, 2022

                YEN PILCH ROBAINA & KRESIN PLC
By: *s/ Ty D. Frankel*
Ty D. Frankel
6017 N. 15th Street
Phoenix, Arizona 85014

YEN PILCH ROBAINA & KRESIN PLC
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

Attorneys for Plaintiff