David B. Jordan (*pro hac vice* pending)
djordan@littler.com
Kimberly Dennis
kdennis@littler.com
Kathleen Banks (*pro hac vice* pending)
kbanks@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, Arizona  85016
Telephone:   602.474.3600
Fax No.:     602.957.1801

Attorneys for Defendant
CARVANA, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Glover, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Carvana, LLC, an Arizona limited liability company,<br><br>Defendant. | Case No. 2:22-cv-01667-MHB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Defendant Carvana, LLC. ("Defendant" or "Carvana") answers the Collective Action and Class Action Complaint ("Complaint") of Plaintiff Julie Glover ("Plaintiff"). For its Answer, Defendant denies and states as follows:

## I. NATURE OF THE CASE

1.      Defendant admits that Plaintiff alleges collective claims under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*., ("FLSA") and violations of the Arizona Wage Act, A.R.S. §§ 23-350, *et seq.* ("AWA").   Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016
602.474.3600

2.      Defendant admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b).  Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint including that it is in any way liable to Plaintiff or any purported class members.

3.      Defendant admits that Plaintiff purports to bring a class action under Federal Rule of Civil Procedure 23. Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits only that Plaintiff purports to bring this action for unpaid overtime wages and other damages, but denies that it engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits only that Plaintiff purports to bring this action for unpaid overtime wages and other damages, but denies that it engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that Plaintiff purports to bring a class action under Federal Rule of Civil Procedure 23. Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint including that it engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief whatsoever.

## II. JURISDICTION AND VENUE

7.      Defendant admits that this Court has federal question subject matter jurisdiction under 28 USC §1331 because Plaintiff asserts claims under the FLSA.  Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits that this Court has supplemental jurisdiction over Plaintiff's AWA claims.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

2

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

9.      Defendant denies that venue is proper, because Plaintiff and Defendant have agreed to resolve this dispute via private arbitration.

### III. PARTIES

10.     Upon information and belief Defendant admits Plaintiff is a resident of Maricopa County, Arizona.

11.     Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits that Exhibit A is attached to the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation(s) in Paragraph 13 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

14.     Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits that Carvana has employees that work with and/or sell goods that are moved in or produced for commerce.  Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits that Corporation Service Company at 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021 is its registered agent.

18.     Paragraph 18 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 18 of Plaintiff's Complaint.

19.     Paragraph 19 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 19 of Plaintiff's Complaint.

20.     Paragraph 20 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 20 of Plaintiff's Complaint.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ 85016

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

# IV. FACTUAL BACKGROUND

21.     Defendant admits the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits that it employs Verification Advocates in Arizona to perform various tasks relating to vehicle purchases.   Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits Verification Advocates in Arizona are hourly employees.

25.     Defendant admits the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 26 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

27.     Defendant admits Verification Advocates perform various tasks relating to assisting Carvana customers with purchasing a vehicle.   Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies each and every allegation in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 29 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

30.     Defendant denies each and every allegation in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant admits Verification Advocates perform various tasks to assist customers with online vehicle purchases.   Defendant further admits some of those tasks require the use of computer and/or software programs. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 31 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

LITTLER MENDELSON, P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ 85016

4

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

32.     Defendant denies each and every allegation in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies each and every allegation in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 34 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

35.     Defendant denies each and every allegation in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies each and every allegation in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies each and every allegation in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies each and every allegation in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies each and every allegation in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies each and every allegation in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies each and every allegation in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies Plaintiff was required to work off the clock or that it failed to pay Plaintiff for any work performed. For the remaining allegations in Paragraph 42, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 42 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ 85016

5

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

43.     Defendant denies each and every allegation in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies each and every allegation in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies Plaintiff was required to work off the clock. For the remaining allegations in Paragraph 45, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 45 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

46.     Defendant denies each and every allegation in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies each and every allegation in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies each and every allegation in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies each and every allegation in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies each and every allegation in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies each and every allegation in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies each and every allegation in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies each and every allegation in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies each and every allegation in Paragraph 54 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016

DEFENDANT'S ANSWER TO PLAINTIFF'S COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

55.     Defendant denies each and every allegation in Paragraph 55 of Plaintiff's Complaint.

### V. COLLECTIVE ACTION ALLEGATIONS

56.     Defendant admits that Plaintiff alleges violations of the FLSA on behalf of herself and others. Defendant denies the remaining allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies each and every allegation in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies each and every allegation in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies each and every allegation in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies each and every allegation in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies each and every allegation in Paragraph 61 of Plaintiff's Complaint.

### VI. CLASS ACTION ALLEGATIONS

62.     Defendant admits that Plaintiff alleges violations of the Arizona Wage Statute on behalf of herself and others. Defendant denies the remaining allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies each and every allegation in Paragraph 63 of Plaintiff's Complaint.

64.     Paragraph 64 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies each and every allegation in Paragraph 65 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation(s) in Paragraph 66 of Plaintiff's Complaint, which has the effect of a denial under FRCP 8(b)(5).

67.     Paragraph 67 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies each and every allegation in Paragraph 68 of Plaintiff's Complaint.

69.     Paragraph 69 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 69 of Plaintiff's Complaint.

## VII. COUNT ONE

### (Failure to Properly Pay Overtime Wages and Record Keeping Violations – FLSA – 29 U.S.C. § 207 *et seq*.)

70.     Defendant reasserts and incorporates its responses to Plaintiff's allegations contained in all previous paragraphs herein.

71.     Paragraph 71 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 71 of Plaintiff's Complaint.

72.     Paragraph 72 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegation in Paragraph 72 of Plaintiff's Complaint.

73.     Paragraph 73 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 73 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

8

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

74.     Paragraph 74 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 74 of Plaintiff's Complaint.

75.     Paragraph 75 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 75 of Plaintiff's Complaint.

76.     Paragraph 76 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 76 of Plaintiff's Complaint.

## VIII. COUNT TWO

### (Failure to Pay Timely Wages Due – Arizona Wage Statute –

### A.R.S. § 23-350 *et seq.*)

77.     Defendant reincorporates its responses to Paragraphs 1-76.

78.     Paragraph 78 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 78 of Plaintiff's Complaint.

79.     Paragraph 79 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies each and every allegation in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies each and every allegation in Paragraph 81 of Plaintiff's Complaint.

82.     Paragraph 82 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 82 of Plaintiff's Complaint.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

9

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

In response to Paragraphs A through L of Plaintiff's Complaint, Defendant denies that Plaintiff and/or putative members of the collective or AWA class are entitled to any of the relief sought, including compensatory damages, punitive damages, injunctive and equitable relief, back pay and lost benefits, or attorney's fees, interest, or any other relief.

To the extent a factual allegation in Plaintiff's Complaint is not otherwise admitted or denied, it is expressly denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Based on Defendant's knowledge of the facts to date, Defendant asserts the following affirmative defenses. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1.      Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

2.      Plaintiff's claims under the Arizona Wage Act are preempted by the federal FLSA.

3.      Plaintiff's claims are barred, in whole or in part, by a valid and enforceable arbitration agreement.

4.      To the extent the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred.

5.      Defendant's conduct was not willful as it did not know or show reckless disregard for whether its actions violated the FLSA. Consequently, the applicable statute of limitations is two years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

10

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

6.     Defendant's conduct was not willful as it did not know or show reckless disregard for whether its actions violated the Arizona Wage Act.  Consequently, Plaintiff's claims under the Arizona Wage Act are subject to a two year statute of limitations pursuant to Arizona Revised Statutes, Title 23.

7.     Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also applies to the claims of some or all of the class of allegedly similarly situated persons to be part of an FLSA collective or A.R.C.P. Rule 23 Class.

8.     Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

9.     To the extent any sum is found due and owing to Plaintiff, Defendant is entitled to set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

10.     To the extent any sum is found due and owing to Plaintiff, Defendant is entitled to set-off against said sum to the extent of any overpayment of wages paid.

11.     Plaintiff cannot satisfy the requirements of a collective action under the FLSA, and some or all claims asserted are barred, because Plaintiff is not similarly situated to the group of individuals she seeks to represent under 29 U.S.C. section 216(b), and the individuals she seeks to represent are not similarly situated to one another.

LITTLER MENDELSON, P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

11

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

12.     The Complaint fails, or whole or in part, because Plaintiff and the individuals she seeks to represent have been fully paid all amounts legally owed by Defendant and by accepting the payments made to them, they have effectuated an accord and satisfaction of their claims.

13.     The claims of Plaintiff and the individuals she seeks to represent are barred to the extent that they did not work more than forty (40) hours in any given workweek and, therefore, are not entitled to overtime under the FLSA.

14.     The pre-shift and post-shift "work times" and alleged "off the clock" work Plaintiff claims for herself and the individuals she seeks to represent were *de minimis* and thus non-compensable. To the extent individuals Plaintiff seeks to represent worked hours in excess in 40 in a workweek, they were exempt from the overtime requirements of the FLSA.

15.     Assuming, *arguendo*, that Defendant violated any provision of the FLSA (which it did not) such violation was not pursuant to a uniform policy or plan. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and procedure promulgated and tolerated by Defendant.

16.     The "off-the-clock" work time claimed in Plaintiff's Complaint was not integral or indispensable parts of the principal activities of Plaintiff or the putative collective under the FLSA or AWA and thus were not compensable.

17.     The "off-the-clock" work time claimed in Plaintiff's Complaint, if performed, occurred without Defendant's actual or constructive knowledge and thus was not compensable.

18.     To the extent liability, affirmative defenses, and damages, if any, to each member of the alleged group Plaintiff purports to represent are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective or class action violates Defendant's rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

12

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

19.     To the extent applicable, Plaintiff's claims are barred by the equitable doctrines of waiver, unclean hands, and laches.

20.     The Court lacks personal jurisdiction over the claims of the out-of-state putative collective members. *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S. Ct. 1773, 1780 (2017).

21.     Plaintiff and all alleged potential class members have been paid and received all wages and all other compensation due to them by virtue of her employment, if any, with Defendant. All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

22.     Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of her stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

23.     Plaintiff is not entitled to certification because she fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff is unable to establish that there is sufficient numerosity, typicality and commonality to satisfy Rule 23 class requirements.

24.     Plaintiff's Complaint fails to identify aa cognizable class under any applicable rule or law governing the maintenance of collective or class actions.  Additionally, Plaintiff is not an adequate representative.

25.     Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

26.     Plaintiff cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the A.R.C.P.; and, therefore, the class allegations of the Complaint should be stricken.

27.     Defendant alleges that there exists a bona fide dispute as to whether further compensation is actually due Plaintiff and, if so, as to the amount of such further

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ  85016

13

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

1  compensation. This defense also applies to the claims of some or all of the class of allegedly

2  similarly situated persons to be part of an FLSA collective or A.R.C.P. Rule 23 Class.

3       28.    Defendant alleges that Plaintiff has failed, refused and/or neglected to

4  mitigate or avoid the damages complained of in the Complaint, if any. This defense also

5  applies to the claims of some or all of the class of allegedly similarly situated persons to be

6  part of an FLSA collective or A.R.C.P. Rule 23 Class.

7       29.    Any and all of Defendant's affirmative and additional defenses may also

8  apply to any claims alleged by any member of Plaintiff's proposed or putative FLSA

9  collective or A.R.C.P. Rule 23 Class.

10      30.    Defendant reserves the right to assert any and all additional defenses as may

11  be determined necessary during the course of discovery and to seek attorneys' fees and costs

12  under any applicable statute.

13                              **PRAYER FOR RELIEF**

14      WHEREFORE, having fully answered, Defendant Carvana, LLC hereby prays that

15      A.     Plaintiff's Complaint be dismissed in its entirety with prejudice and that

16  Plaintiff and those she seeks to represent take nothing thereby;

17      B.     Judgment be entered against Plaintiff and in favor of Defendant;

18      C.     Defendant be awarded its costs and defense and reasonable attorneys' fees;

19  and

20      D.     The Court award Defendant such other and further relief as it deems

21  appropriate.

22

23  Dated: November 3, 2022

24                                        */s/ Kimberly Dennis*
                                          David B. Jordan (*pro hac vice* pending)
25                                        Kimberly Dennis
                                          Kathleen Banks (*pro hac vice* pending)
26                                        LITTLER MENDELSON, P.C.

27                                        Attorneys for Defendant
                                          Carvana, LLC
28

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ 85016

14

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT

1

2   I hereby certify that I electronically
transmitted the attached document to
3   the Clerk's Office using the CM/ECF
System for filing and transmittal of a
4   Notice of Electronic Filing to the
following CM/ECF registrants, and
5   mailed and emailed a copy of same to
the following if non-registrants, this
6   3rd day of November, 2022.

7   Ty D. Frankel
YEN PILCH ROBAINA & KRESIN PLC
8   6017 N. 15th Street
Phoenix, Arizona 85014
9   TDF@yprklaw.com

10  Patricia N. Syverson
YEN PILCH ROBAINA & KRESIN PLC
11  9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
12  PNS@yprklaw.com

13  *Attorneys for Plaintiff*

14

15  */s/ Suzy Walker*
4881-3165-1644.2 / 103092-1076

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
Camelback Esplanade
2425 East Camelback
Road
Suite 900
Phoenix, AZ 85016

15

DEFENDANT'S ANSWER TO
PLAINTIFF'S COLLECTIVE ACTION AND
CLASS ACTION COMPLAINT