**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Glover, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Carvana, LLC, an Arizona limited liability company,<br><br>Defendant. | Case No.: 2:22-cv-01667-DGC<br><br>**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE** |

Plaintiff Julie Glover ("Plaintiff") files this Unopposed Motion to Approve the Settlement Agreement.

**I.      Introduction**

On September 29, 2022, Plaintiff filed the Collective Action and Class Action Complaint against Defendant Carvana, LLC (the "Complaint"), alleging claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and unpaid wages under the Arizona Wage Statute, A.R.S. § 23-350 *et seq.* Doc. 1. Plaintiff alleged that she was due wages for time she was required to work off the clock, and Defendant denied the allegations. On

October 21, 2022, counsel for Defendant notified counsel for Plaintiff that Plaintiff signed a Mutual Arbitration Agreement with Defendant.  Plaintiff concurred regarding submitting the case to arbitration, and in advance of moving the case to arbitration, the Parties then engaged in settlement discussions to resolve Plaintiff's claims alleged in the Complaint on an individual basis.  The Parties have settled their dispute and Plaintiff now respectfully submits this unopposed Motion seeking the Court's approval of the Confidential Settlement and Release Agreement ("Settlement Agreement") attached as Exhibit 1.  If the Court approves the Settlement Agreement, the Parties stipulate that Plaintiff's individual claims alleged in this matter should be dismissed with prejudice, with each side to bear their own attorneys' fees and costs except as otherwise outlined in the Settlement Agreement.

**II.     Discussion**

Employees cannot waive claims for unpaid wages under the FLSA without court approval.  As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in FLSA actions "brought directly against their employer under Section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness."  Accordingly, where an employer and an employee have negotiated a settlement agreement, an employer will be relieved of liability from future lawsuits only if the agreement is supervised by the Department of Labor or approved by a federal court. *See Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007).  The Ninth Circuit has implicitly indicated that it would follow the Eleventh Circuit's *Lynn's Food Stores* decision. *See Dent v. Cox Commc'n Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007).  The Arizona District Court has also relied on *Lynn's Food Stores*. *See Hand v. Dionex Corp.*, 2007 WL 3383601, at *1 (D. Ariz. Nov. 9, 2007).[1]

---

[1] In *Hand*, the District Court addressed the issue when approving an FLSA settlement. *See* 2007 WL 3383601, at *1.  The parties asked for an Order to be entered specifically

As a general matter, "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Com'n of City and County of San Francisco ("Officers for Justice")*, 688 F.2d 615, 625 (9th Cir. 1982); *accord U.S. v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977) ("We are committed to the rule that the law favors and encourages compromise settlements. We recently noted that there is an overriding public interest in settling and quieting litigation.") (*citing Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)). This policy of encouraging settlement of litigation equally applies in the context of FLSA litigation when there are bona fide issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354. If a settlement reflects a "reasonable compromise over the issues, such as FLSA coverage or computation of back wages that are actually in dispute," the District Court may approve the settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1334.

In this action, Plaintiff alleged that Defendant violated the FLSA by failing to pay overtime compensation and failing to pay wages for time worked "off the clock." Plaintiff seeks damages for unpaid overtime and other wages, liquidated damages, and costs and attorneys' fees. Defendant denies Plaintiff's allegations and contends that Plaintiff was properly paid for all hours worked. There is a good faith dispute as to (1) whether Plaintiff performed off the clock work; (2) whether Plaintiff is owed wages, including regular time and overtime for hours worked off the clock; (3) if such amounts are owed, how much overtime and off the clock time Plaintiff worked; and (4) how such overtime and wage amounts are to be calculated. The Parties have agreed to settle these disputes for a total amount of $15,500, with $2,500 being paid to Plaintiff for back wages and $13,000 being paid to Plaintiff's counsel to cover Plaintiff's reasonable attorneys' fees and costs in the

---

approving their settlement agreement. The Court approved the settlement agreement, noting that typically, "the Court does not rule on private settlement negotiated between parties. But because Plaintiffs filed a FLSA action against Defendant, the parties must seek approval of their stipulated settlement in order to ensure enforceability of the Settlement Agreement." *Id.* (*citing Lynn's Food Stores*, 679 F.2d at 1352-53 and *Thornton*, 2007 WL 210586).

1 action. Exhibit 1. The Settlement Agreement provides that "the Parties believe this is a
2 fair, adequate, and reasonable settlement of the Case." Exhibit 1 at ¶ 15.

3 Indeed, Defendant agreed to a settlement that provides Plaintiff with the type of relief
4 intended under the FLSA and sought in this litigation: compensation for alleged unpaid
5 overtime and court costs and attorneys' fees in bringing this lawsuit. The amounts
6 comprising the settlement payout are reasonable as well. Plaintiff is receiving $2,500 in
7 back wages, which represents approximately 43% of the total amount of overtime alleged
8 ($5,847.98) and 37% of the total amount of wages when also including unpaid regular time
9 (both overtime and regular wages totaling $6,823.16) Plaintiff could recover based on the
10 allegations in the Complaint. This supports a finding of reasonableness. *See, e.g., Quintana*
11 *v. HealthPlanOne LLC,* 2019 WL 3342339, at *3 (D. Ariz. July 25, 2019) (finding
12 settlement of wage and hour class action for "one-half or one-third of the total possible
13 recovery" to be reasonable).

14 The FLSA also mandates an award of attorneys' fees and costs be paid for Plaintiff's
15 counsel, including when cases settle. 29 U.S.C. § 216(b) ("The court in such action <u>shall</u>,
16 in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable
17 attorneys' fee <u>to be paid by the defendant</u>, and costs of the action.") (emphasis added);
18 *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA
19 grants prevailing plaintiffs a reasonable attorneys' fee."); *Fisher v. Stolaruk Corp.*, 648 F.
20 Supp. 486, 487 (E.D. Mich. 1986)("Settlement does not preclude an award of fees."). The
21 Settlement Agreement provides payment for Plaintiff's reasonable attorneys' fees and costs
22 in the total amount of $13,000. Exhibit 1 at ¶ 2(a). The $13,000 amount representing
23 Plaintiff's reasonable attorneys' fees and costs is significantly below Plaintiff's counsel's
24 lodestar and costs in this matter, which total $28,225.00 as of January 25, 2023.
25 Furthermore, courts recognize that a traditional contingency fee award based on a
26 percentage of recovery often does not work in socially beneficial cases and FLSA cases
27 where the ultimate recovery is small, and for this reason, do not measure fee awards in
28

FLSA cases in relation to the underlying monetary relief obtained for a Plaintiff. *See Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988)(recognizing fee award did not have to be compared to the recovery based on proportionality in socially beneficial litigation where the damages amount is often small); *see also Int'l Brotherhood of Carpenters and Joiners of Am., AFL-CIO, Local Union No. 217 v. G.E. Chen Construction, Inc.*, 136 Fed. Appx. 36, at *2 (9th Cir. May 11, 2005) (upholding attorneys' fee award of more than $200,000 in action where the plaintiff's individual recovery was less than $50,000).

The Settlement Agreement and release of Plaintiff's individual claims against Defendant represents a fair and equitable resolution of this matter given the facts and legal issues in the case. This settlement will benefit the Parties, especially in light of the uncertainty regarding Plaintiff's claims and Defendant's defenses. The resolution of those issues would dramatically affect any award in this case and the Parties have decided that it is in their best interests to resolve this matter pursuant to the terms of the Settlement Agreement. The Settlement Agreement is a product of discussions and negotiation between the Parties through counsel. It is not the product of fraud but reflects an arms-length negotiation of a complex dispute.

### III.   Conclusion

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and adequate resolution of the action. Accordingly, Plaintiff submits this unopposed Motion respectfully requesting that the Court make such a determination with respect to the terms set forth in the Settlement Agreement and enter the proposed order, concurrently filed with this Motion, granting the Unopposed Motion to Approve the Settlement Agreement and dismissing Plaintiff's individual claims with prejudice.

DATED: February 1, 2023

**YEN PILCH ROBAINA & KRESIN PLC**
By: _____*s/ Ty D. Frankel*_____
Ty D. Frankel
6017 N. 15th Street
Phoenix, Arizona 85014

| | |
|---|---|
| 1 | |
| 2 | **YEN PILCH ROBAINA & KRESIN PLC**<br>Patricia N. Syverson |
| 3 | 9655 Granite Ridge Drive, Suite 200<br>San Diego, California 92123 |
| 4 | |
| 5 | Attorneys for Plaintiff |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |